IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HELEN R. RUBIO**,

                **Plaintiff,**

v.                                                     CIV No. 02-1121 LH/RHS

**STACY QUINTANA and DARYUSH MADANI and**
**RAMIN MADANI, individually and d/b/a MADANI**
**CONSTRUCTION COMPANY and MADANI**
**GENERAL CONTRACTORS and MADANI**
**CONSTRUCTION CO., INC., a New Mexico Corporation, and**
**THE HARTFORD INSURANCE COMPANY OF**
**THE MIDWEST, a Connecticut Insurance Corporation,**

                **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Docket No. 20). The Defendants have failed to respond to the motion. The Court, having considered the motion and brief on the merits, as well as relevant caselaw, concludes that the motion for partial summary judgment on the issue of liability as to Defendants Daryush Madani and The Hartford Insurance Company of the Midwest is well taken and will be **granted**.

**I.  Allegations of the Complaint**

Plaintiff alleges that on September 14, 1999, a vehicle driven by Defendant Quintana struck Plaintiff's car on Interstate 25. Plaintiff further alleges that, at the time of the accident, Quintana was

1

an employee of Defendants Daryush Madani and Ramin Madani, d/b/a Madani Construction Company, and of Madani General Contractors and Madani Construction Company, Inc.. Plaintiff alleges that all of these Defendants were insured by Hartford Insurance Company of the Midwest.

## II. Motion for Partial Summary Judgment Regarding Liability

On March 19, 2003, Plaintiff filed a motion for partial summary judgment. Attached to this motion was a letter written by an attorney in the firm[1] that represents Defendants Daryush Madani and the Hartford Insurance Company of the Midwest, Eva K. Blazejewski. This letter states: "I have spoken with my clients and they agree to accept liability in this case." (Pl.'s Exhibit A). As noted above, these Defendants have not responded to this motion and consequently this statement is not controverted in any way. Because this statement is not hearsay, pursuant to FED.R.EVID. 801(d)(2), it is properly considered by the court in connection with Plaintiff's motion for summary judgment.

Under Rule 56, a party may move for summary judgment on any part or all of the case. Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c). Summary judgment is interlocutory in character and may be rendered "on the issue of liability alone although there is a genuine issue as to the amount of damages." *Id.*

Once a motion for summary judgment has been filed, this Court's rules require that a response be filed within 14 calendar days after service. The time period may be extended by agreement of all parties. D.N.M.LR-CIV. 7.6. Generally, if a party fails to respond within 14 days and an extension has not been agreed to, the party waives its right to respond and confesses all facts asserted and

---

[1] The law firm of John T. Crotty & Associates is counsel of record for all of the named Defendants.

properly supported in the motion, except upon a showing of excusable neglect.  *See Reed v. Bennett,* 312 F.3d 1190, 1193, 1196 (10th Cir. 2002); FED.R.CIV.P.6(b).  The failure to respond to a motion for summary judgment does not relieve the court from its duties imposed by Rule 56(c).  *Murray v. City of Tahlequah, Oklahoma,* 312 F.3d 1196, 1200 (10th Cir. 2002). The court may only grant a motion for summary judgment if the facts asserted and supported in the motion entitle the moving party to judgment as a matter of law.  *Reed,* 312 F.3d at 1195.

This Court concludes that Defendants Daryush Madani and The Hartford Insurance Company of the Midwest have waived their right to respond to the motion and furthermore, that they have accepted liability for damages in this matter.

**WHEREFORE**, Plaintiff's Motion for Partial Summary Judgment regarding liability of Daryush Madani and Hartford Insurance Company of the Midwest filed March 19, 2003, is **GRANTED.**  The Court concludes that Defendants Daryush Madani and The Hartford Insurance Company of the Midwest are liable for the damages sustained by Plaintiff in the automobile accident that occurred on September 14, 1999.  The issue as to amount of damages remains at issue in this case.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**